M. FRY *et al.* Defendants in Error, *vs.* THE SOUTHERN
PACIFIC COMPANY, Plaintiff in Error.

*Opinion filed October 28, 1910—Rehearing denied Feb. 8, 1911.*

1. CARRIERS—*law of the State of shipment governs contract of
carriage.* The law of the State where a contract of carriage was
made and the goods delivered to the carrier governs the rights of
the parties, and not the law of the State to which the shipment
is transported.

2. SAME—*laws of the United States are paramount to laws of
States.* The laws of the United States pertaining to inter-State
transportation of goods are paramount to the laws of the several
States if there is a conflict.

3. SAME—*section 20 of the Inter-State Commerce act is valid.*
Section 20 of the Inter-State Commerce act, as amended by the
act of June 29, 1906, in so far as it makes the initial common car-
rier liable for the safe transportation of property from the point
of its receipt to the point of its delivery and prohibits the carrier
from limiting such liability, is a valid law and is paramount to the
State laws in cases of inter-State shipment.

4. SAME—*jurisdiction of the Federal courts of actions against
carrier for damages is not exclusive.* The proper courts of the
several States have jurisdiction of an action by a shipper against
the carrier to enforce the liability of the carrier for damage to an
inter-State shipment occurring beyond its line, although the Fed-
eral courts have concurrent jurisdiction where the amount in dis-
pute, exclusive of interest and costs, exceeds the sum of $2000.

5. SAME—*presumption where a shipment is received for trans-
portation.* Where a carrier receives a shipment for transportation
over a route designated by the shipper, it is presumed, in the ab-
sence of anything appearing to the contrary, that the routing was
over lines with which the carrier had theretofore made its own
arrangement and rate.

6. SAME—*right to contract is subject to reasonable regulation
by Congress.* While the right to contract is a property right with-
in the meaning of the Federal constitution, it is nevertheless sub-
ject to such reasonable regulations, restrictions and conditions as
Congress may, under the constitution, impose.

7. SAME—*Congress has power to make initial carrier liable for
damages beyond its line.* Congress has power, under the inter-
State commerce clause of the Federal constitution, to require a

carrier engaged in inter-State commerce to furnish the shipper a bill of lading to the destination of a shipment which it had accepted and to make the initial carrier primarily liable for damage to such shipment although the damage occurs beyond its own line.

WRIT OF ERROR to the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding.

· JOHN MAYNARD HARLAN, and LEWIS W. MCCANDLESS, for plaintiff in error:

Under the terms of the bill of lading, taking no account of the Hepburn law, the defendant was entitled to a judgment herein. The judgment for plaintiffs was predicated directly and solely on the Hepburn law. Civil Code of California, sec. 2201; *Palmer* v. *Railroad Co.* 101 Cal. 187; *Myrick* v. *Railroad Co.* 107 U. S. 102; *Railroad Co.* v. *Railroad Co.* 110 id. 667; *Railroad Co.* v. *Jones*, 155 id. 333; *Coats* v. *Railroad Co.* 239 Ill. 154; *Steamship Co.* v. *Insurance Co.* 129 U. S. 397; *Mather* v. *Express Co.* 2 Fed. Rep. 49; *Insurance Co.* v. *Railroad Co.* 104 U. S. 146; *Railroad Co.* v. *Bank*, 123 id. 727; 3 Hutchinson on Carriers, (3d ed.) sec. 1348; *Beard* v. *Railroad Co.* 79 Iowa, 518; *Railroad Co.* v. *Renfroe*, 82 Ark. 143.

The provision of the Hepburn law here in question is not a regulation of commerce within the purview of the constitution, and Congress had no power to enact this provision. Const. art. 1, sec. 8, pars. 3, 17; ·*Cummings* v. *Missouri*, 71 U. S. 277; *Henderson* v. *Mayor*, 92 id. 259; *Chy Lung* v. *Freeman*, 92 id. 275; *Lochner* v. *New York*, 198 id. 45; *Morgan* v. *Louisiana*, 118 id. 455; *Compagnie Francaise* v. *Board of Health*, 186 id. 380; *Gibbons* v. *Ogden*, 22 id. 1; *McCulloch* v. *Maryland*, 17 id. 316; *Hepburn* v. *Griswold*, 75 id. 603; *Adair* v. *United States*, 208 id. 161; *Text Book Co.* v. *Pigg*, 30 Sup. Ct. Rep. 481; *Northern Securities Co.* v. *United States*, 193 U. S. 197; *In re Lottery cases*, 188 id. 321; *Johnson* v. *Southern Pacific Co.* 196 id. 1; *Howard* v. *Railroad Co.*

207 id. 463; *Hooper* v. *California*, 155 id. 648; *Sherlock* v. *Alling*, 93 id. 99.

The provisions of the Hepburn law here in question are void because repugnant to the fifth amendment to the constitution. *Navigation Co.* v. *United States*, 148 U. S. 312; *United States* v. *Joint Traffic Ass'n*, 171 id. 505; *In re Lottery cases*, 188 id. 321; *Inter-State Commerce Com.* v. *Brimson*, 154 id. 447; *Counselman* v. *Hitchcock*, 142 id. 547; *In re Sinking Fund cases*, 99 id. 700; *Turnpike Co.* v. *Sandford*, 164 id. 578; *Railway Co.* v. *Smith*, 173 id. 684; *Railroad Co.* v. *North Carolina Corp. Com.* 206 id. 1; *Railway Co.* v. *Kansas*, 30 Sup. Ct. Rep. 330; *Railroad Co.* v. *Illinois*, 200 U. S. 561; *Smyth* v. *Ames*, 169 id. 466; *Railway Co.* v. *Tompkins*, 176 id. 167; *In re Railroad Commission cases*, 116 id. 307; *Allgeyer* v. *Louisiana*, 165 id. 578; *Inter-State Commerce Com.* v. *Railroad Co.* 43 Fed. Rep. 37.

If the provisions of the Hepburn law here in question be not unconstitutional, then the Federal courts have exclusive jurisdiction to enforce the extra-terminal liability of the initial carrier created by these provisions. *Winona L. Co.* v. *Minnesota*, 159 U. S. 526; *United States* v. *Railroad Co.* 118 id. 235; *Blair* v. *Chicago*, 201 id. 400; *Holbrook* v. *Nichol*, 36 Ill. 161; *In re Locust Avenue*, 185 N. Y. 115; *Barnett* v. *Bank*, 98 U. S. 555; *Bank* v. *Dearing*, 91 id. 29; *Haycroft* v. *United States*, 89 id. 81; *Railroad Co.* v. *Telegraph Co.* 112 id. 306; *Carter* v. *Carusi*, 112 id. 478; *Carle* v. *People*, 12 Ill. 284; *Confrey* v. *Stark*, 73 id. 187; *Dudley* v. *Mayhew*, 3 N. Y. 9; *United States* v. *Laescki*, 29 Fed. Rep. 699; *Aldrich* v. *Hawkins*, 6 Ind. 125; *State* v. *Souder*, 41 N. E. Rep. 468; *Reed* v. *Railroad Co.* 33 Cal. 212.

CHARLES A. BUTLER, for defendants in error:

Section 20 of the Inter-State Commerce act of February 4, 1887, as amended by the Hepburn act of June 29,

1906, providing that a common carrier receiving property for inter-State transit and issuing a receipt or bill of lading therefor becomes liable to the lawful holder for any loss, damage or injury caused by its negligence or that of any other carrier over whose line the shipment may pass *en route* to destination, and that all receipts, rules or regulations through which the initial carrier may seek to relieve itself of this liability are void, is constitutional. The acts of Congress are the supreme law of the land. *Southern Pacific Co.* v. *Crenshaw,* 63 S. E. Rep. 865.

Clause 20 of the Hepburn act is declaratory of the common law. *Southern Pacific Co.* v. *Crenshaw,* 63 S. E. Rep. 865; *Blume* v. *Wells, Fargo & Co.* 15 I. C. C. Rep. 3; *Stock Yards Co.* v. *Railroad Co.* 112 Fed. Rep. 823; *Railway Co.* v. *Cotton Oil Co.* 204 U. S. 426.

The right of liberty to contract, guaranteed under the constitution of the United States, is subject to reasonable restraints imposed for the public good and general welfare. *Adair* v. *United States,* 208 U. S. 161; *United States* v. *Joint Traffic Ass'n,* 171 id. 571; *Railroad Co.* v. *Illinois,* 200 id. 561; *Smelzer* v. *Railroad Co.* 158 Fed. Rep. 649; *Gibbons* v. *Ogden,* 9 Wheat. 196; *Patterson* v. *Bark Eudora,* 190 U. S. 169; *In re Lottery cases,* 188 id. 321; *Greenwald* v. *Weir,* 130 N. Y. (App. Div.) 696; *Railroad Co.* v. *Grayson,* 89 Ark. 154; *Travis* v. *Wells, Fargo & Co.* 74 Atl. Rep. 444; *Railway Co.* v. *Piper Co.* 115 S. W. Rep. 107; *Riverside Mills Co.* v. *Railway Co.* 168 id. 987; *Holland* v. *Railway Co.* 123 id. 987; *Blackmer* v. *Railroad Co.* 119 id. 1; *Hooper* v. *California,* 155 U. S. 648; *Railway Co.* v. *Murphy,* 196 id. 195; *Coal Co.* v. *Martin,* 221 Ill. 460; *Coal Co.* v. *Seniger,* 179 id. 370; *Mining Co.* v. *Fulton,* 205 U. S. 60.

The property of a railroad corporation is property devoted to public use. *Attorney General* v. *Railroad Co.* 35 N. E. Rep. 252; *Greenwald* v. *Weir,* 130 N. Y. (App. Div.) 696; *Railroad Co.* v. *Iowa,* 94 U. S. 155.

The municipal court of Chicago has jurisdiction to enforce the provisions of clause 20 of the act of Congress known as the Hepburn law. *Miller* v. *People,* 230 Ill. 65; *Hosking* v. *Southern Pacific Co.* 243 id. 320; *Southern Pacific Co.* v. *Crenshaw,* 63 S. E. Rep. 865; *Blume* v. *Wells, Fargo & Co.* 15 I. C. C. Rep. 53; *Railway Co.* v. *Cotton Oil Co.* 204 U. S. 446; *Smelzer* v. *Railroad Co.* 158 Fed. Rep. 420; *Railway Co.* v. *Taylor,* 210 U. S. 281; *Morris* v. *Publishing Co.* 75 N. Y. Supp. 976.

. In *Adair* v. *United States,* 208 U. S. 161, the Supreme Court of the United States, at page 176, defines "commerce," and the congressional powers to regulate the same, as follows: "What is commerce, the power to regulate which is given to Congress? Commerce among the several States comprehends traffic, intercourse, trading, navigation, communication, the transit of persons and the transmitting of messages by telegraph,—indeed, every species of commercial intercourse among the States. * * * The power to regulate inter-State commerce is the power to prescribe rules by which such commerce must be governed. Of course, as has been often said, Congress has a large discretion in the selection or choice of the means to be employed in the regulation of inter-State commerce, and such discretion is not to be interfered with except where that which is done is in plain violation of the constitution.— *Northern Securities Co.* v. *United States,* 193 U. S. 197, and authorities there cited." And speaking of the rule of liability in the employer's liability cases, (207 U. S. 463,) a liability somewhat similar in scope and effect to that imposed by section 20 of the Hepburn act, the court, in the *Adair case,* page 178 of its decision, said: "The decision on this point was placed on the ground that a rule of that character would have direct reference to the conduct of inter-State commerce, and would therefore be within the competency of Congress to establish for commerce among the States." The Supreme Court of the United States has, in passing

upon contracts with reference to the fixing of rates bind-
ing upon all common carriers, specifically stated that the
prohibition of such contracts may, in the judgment of Con-
gress, be one of the reasonable necessities of those regu-
lations of commerce, and Congress is the judge of such
necessity and propriety. Unless in the case of a possible
perversion of this principle the courts may be applied to for
relief. *United States* v. *Joint Traffic Ass'n,* 171 U. S. 571.

If a common carrier is bound by a rate-fixing body to
charge no other rates for carriage than are prescribed by
that other body, and which obligation is upheld in the *Joint
Traffic Ass'n case, supra,* how much more can it be said
that the obligation prescribed in section 20 of the Hepburn
law (the one in question) is proper, and that the right of
Congress to enact such is within its power as the judge of
the necessity and propriety thereof and as a proper and
reasonable regulation of commerce.

Mr. JUSTICE HAND delivered the opinion of the court:

This was an action commenced by the defendants in
error against the plaintiff in error in the municipal court
of Chicago to recover damages sustained by the defendants
in error in consequence of the failure of the plaintiff in
error to use and exercise proper care in the shipment of
one hundred and fifty-three boxes of pears and six hundred
and fifty crates of plums from Hollister, State of Califor-
nia, to the city of Chicago, State of Illinois. The ship-
ment was made over the plaintiff in error's railroad from
Hollister, California, to Ogden, Utah, the Union Pacific
railroad from Ogden to Council Bluffs, Iowa, and the Chi-
cago and Northwestern railroad from Council Bluffs to
Chicago. The fruit, on its arrival at Chicago, was in a
damaged condition. The jury returned a verdict in favor
of defendants in error for the sum of $95.75, upon which
verdict the court, after overruling a motion for a new trial
and in arrest of judgment, rendered judgment in favor of

the defendants in error, and the plaintiff in error has sued
out this writ of error to review the judgment of the mu-
nicipal court.

The plaintiff in error, at the close of all the evidence,
moved the court for a directed verdict in its favor, which
motion the court overruled. The plaintiff in error there-
upon asked the court to instruct the jury that section 20
of the Inter-State Commerce act of February 4, 1887, as
amended by the act of June 29, 1906, upon which the action
was based, was unconstitutional and void, and that as the
shipment was made from Hollister, in the State of Cali-
fornia, to Chicago, in the State of Illinois, under a bill of
lading which limited the liability of the plaintiff in error to
damages accruing upon plaintiff in error's own line, and
the evidence showed the fruit was damaged after it left
the line of plaintiff in error at Ogden, Utah, there could
be no recovery against the plaintiff in error. This the
court also declined to do, and instructed the jury that sec-
tion 20 of the Inter-State Commerce act of February 4,
1887, as amended by the act of June 29, 1906, was a valid
and constitutional enactment, and that the provision in the
bill of lading which limited the liability of the plaintiff in
error to its own line was void, and if the jury found, from
the evidence, that the fruit in question was damaged in
transit from Hollister to Chicago in consequence of the
negligent manner in which it was handled, they should find
in favor of the defendants in error, regardless of what line
of railroad it was injured upon.

The plaintiff in error urges two grounds of reversal in
this court: First, that section 20 of the Inter-State Com-
merce act of February 4, 1887, (U. S. Comp. Stat. 1901,
pp. 31, 69,) as amended by the act of June 29, 1906, (U. S.
Comp. Stat. Supp. 1907, p. 909,) commonly called the Hep-
burn act, is unconstitutional and void; and secondly, if
said section of the United States statute is valid, then the
municipal court of Chicago is without jurisdiction to try

this case, as exclusive jurisdiction has been conferred upon the United States courts by sections 8 and 9 of the Inter-State Commerce act of 1887 to try all cases which fall within the provisions of said section 20 of the statute of the United States, as amended.

The amendment to section 20 of the Inter-State Commerce act, under which plaintiff in error was held liable, reads, in part, as follows: "That any common carrier, railroad or transportation company receiving property for transportation from a point in one State to a point in another State shall issue a receipt or bill of lading therefor, and shall be liable to the lawful holder thereof for any loss, damage or injury to such property caused by it, or by any common carrier, railroad or transportation company to which such property may be delivered or over whose line or lines such property may pass; and no contract, receipt, rule or regulation shall exempt such common carrier, railroad or transportation company from the liability hereby imposed: *Provided,* that nothing in this section shall deprive any holder of such receipt or bill of lading of any remedy or right of action which he has under existing law. That the common carrier, railroad or transportation company issuing such receipt or bill of lading shall be entitled to recover from the common carrier, railroad or transportation company on whose line the loss, damage or injury shall have been sustained, the amount of such loss, damage or injury as it may be required to pay to the owners of such property, as may be evidenced by any receipt, judgment or transcript thereof."

The bill of lading upon which such shipment was made contained the following clause limiting the liability of the plaintiff in error to its own line: "It is further stipulated that * * * the responsibility of this company and each succeeding carrier for loss or damage does not extend beyond its own line."

It is conceded that under the law of the State of California the provision found in the bill of lading which limits the liability of the plaintiff in error to its own line was a valid provision and binding upon the defendants in error unless the California statute was abrogated by section 20 of the United States statute, as the shipment, but for said section of the United States statute, would be governed by the law of the State of California, that State being the State from which the shipment was made, and that it would not be controlled by the law of the State of Illinois. *Coats* v. *Chicago, Rock Island and Pacific Railway Co.* 239 Ill. 154.

The constitution of the United States provides the Congress shall have power "to regulate commerce with foreign nations, and among the several States, and with the Indian tribes;" (art. 1, sec. 8, clause 3;) "to make all laws which shall be necessary and proper for carrying into execution the foregoing powers, and all other powers vested by this constitution in the government of the United States, or in any department or officer thereof;" (art. 1, sec. 8, last clause;) and that "this constitution and the laws of the United States which shall be made in pursuance thereof * * * shall be the supreme law of the land." (Art. 6, sec. 1, clause 2.)

The laws of the United States are paramount to the laws of the several States, and the statute of the State of California which limited the liability of the plaintiff in error to its own line and the bill of lading issued to defendants in error being in conflict with the statute of the United States, the California statute must give way and the United States statute would control. (*Gulf, Colorado and Santa Fe Railway Co.* v. *Hefley & Lewis,* 158 U. S. 98.) This proposition is not controverted by plaintiff in error when the United States statute is a valid enactment, but, as applied to this case, it is urged the United States statute is in conflict with the fifth amendment to the constitution

of the United States, which provides that "no person shall be * * * deprived of life, liberty or property without due process of law," and by reason of such conflict the United States statute is invalid, hence it is said the California statute is in force and that it controls this shipment. We cannot accede to this contention. While the right to contract is a property right within the meaning of the Federal constitution, the right to contract, nevertheless, is held by an individual or by a corporation subject to such reasonable regulations, restrictions and conditions as the Congress of the United States may legitimately, under the constitution, impose upon such right of contract. By virtue of the inter-State commerce clause of the constitution Congress may limit the rate which a carrier may charge, and we see no reason why it may not provide that a carrier engaged in inter-State commerce shall furnish the shipper a bill of lading to the destination of the shipment, and that a carrier engaged in inter-State commerce shall be liable for damages to the shipment caused by any carrier over whose line the shipment passes, from the time it is delivered to the initial carrier until its delivery to the consignee at the point of final delivery. Such is the common law and such is the law of this State, (*Wabash, St. Louis and Pacific Railway Co.* v. *Jaggerman,* 115 Ill. 407; *Chicago and Northwestern Railway Co.* v. *Simon,* 160 id. 648; *Coats* v. *Chicago, Rock Island and Pacific Railway Co. supra; McCann* v. *Eddy,* 133 Mo. 59;) subject to the limitation that the carrier engaged in inter-State commerce can limit, by contract, its liability to its own line. This limitation of the common law rule,—that is, that the carrier may limit its liability to its own line,—has often been abrogated by statute.

In the case of *McCann* v. *Eddy, supra,* the Supreme Court of Missouri held a statute constitutional which provided that "whenever any property is received by a common carrier to be transferred from one place to another, within or without this State, or when a railroad or other

transportation company issues receipts or bills of lading in this State, the common carrier, railroad company or transportation company issuing such bill of lading shall be liable for any loss, damage or injury to such property caused by its negligence or the negligence of any other common carrier, railroad or transportation company to which such property may be delivered or over whose line such property may pass," and held the initial railroad company liable for damages to a shipper of cattle which occurred upon another line of railroad, although the bill of lading provided the initial railroad should be exempted from all liability of every kind after the cattle left its road. And in this State it is held that while the common carrier may limit its common law liability by contract, it would be contrary to public policy to allow a common carrier to limit its liability for a loss occasioned by reason of its gross negligence or willful misconduct, and that such limitation in a bill of lading would be void. *Chicago and Northwestern Railway Co.* v. *Simon, supra.*

In *United States* v. *Joint Tariff Ass'n,* 171 U. S. 571, on page 572, it was said: "Notwithstanding the general liberty of contract which is possessed by the citizen under the constitution, we find that there are many kinds of contracts which, while not in themselves immoral or *mala in se,* may yet be prohibited by the legislation of the States, or, in certain cases, by Congress."

In *Gibbons* v. *Ogden,* 9 Wheat. 1, on page 196, the court said: "It is the power to regulate,—that is, to prescribe the rule by which commerce is to be governed. This power, like all others vested in Congress, is complete in itself, may be exercised to its utmost extent, and acknowledges no limitations other than are prescribed in the constitution. * * * If, as has always been understood, the sovereignty of Congress, though limited to specified objects, is plenary as to those objects, the power over commerce with foreign nations and among the several States is vested

in Congress as absolutely as it would be in a single government having in its constitution the same restrictions on the exercise of the power as are found in the constitution of the United States."

We are impressed with the view that section 20 of the Hepburn act, in so far as it makes the initial common carrier responsible for the safe transportation of property from the point of its receipt to the point of its delivery and prohibits the common carrier from limiting such liability, is a valid enactment, and that the trial court did not err in declining to instruct the jury that said section of the statute was unconstitutional and void.

Counsel for plaintiff in error insist, if it is held that the section of the Inter-State Commerce act hereinbefore set out is a valid enactment, that then the municipal court of Chicago was without jurisdiction to try this case. The sections of the Inter-State Commerce act relied upon to confer exclusive jurisdiction upon the United States courts are found in the original act of 1887, and are numbered 8 and 9, and read as follows:

"Sec. 8. That in case any common carrier, subject to the provisions of this act, shall do, cause to be done or permit to be done any act, matter or thing in this act prohibited or declared to be unlawful, or shall omit to do any act, matter or thing in this act required to be done, such common carrier shall be liable to the person or persons injured thereby for the full amount of damages sustained in consequence of any such violation of the provisions of this act, together with a reasonable counsel or attorney's fee, to be fixed by the court in every case of recovery, which attorney's fee shall be taxed and collected as part of the costs in the case.

"Sec. 9. That any person or persons claiming to be damaged by any common carrier, subject to the provisions of this act, may either make complaint to the commission as hereinafter provided for, or may bring suit in his or

their own behalf for the recovery of the damages for which such common carrier may be liable under the provisions of this act, in any district or circuit court of the United States of competent jurisdiction, but such person or persons shall not have the right to pursue both of said remedies, and must in each case elect which one of the two methods of procedure herein provided for he or they will adopt."

In considering the question here involved, the provision of section 22 of the act which reads, "nothing in this act contained shall in any way abridge or alter the remedies now existing at common law or by statute, but the provisions of this act are in addition to such remedies," must not be lost sight of. Neither must the provision found in the section a construction of which is involved in this case be overlooked which reads, "nothing in this section shall deprive any holder of such receipt or bill of lading of any remedy or right of action which he has under existing law." As we have heretofore seen, section 20 of the Inter-State Commerce act, in so far as it declares that the carrier receiving property for transportation to a point in another State shall be liable to the holder of the bill of lading "for any loss, damage or injury to such property caused by it, or by any common carrier, railroad or transportation company to which said property may be delivered or over whose line or lines such property may pass," was merely declaratory of the common law, and that the portion of the section which provides that "no contract, receipt, rule or regulation shall exempt such common carrier * * * from the liability hereby imposed," is all that is found in the section which is derogatory to the common law. We therefore have here a congressional enactment which, in effect, declares that the common law shall govern all inter-State shipments, except that no contract shall be made by the common carrier with the shipper which shall limit the liability of the carrier to loss, damage or injury accruing upon its own line, and if such limitation is incorporated in the bill of

lading it shall be void. We have, therefore, in the case at bar a cause of action based upon a common law liability, and the only effect of the statute is to deprive the plaintiff in error of a defense which it would otherwise have had at the common law but for the statute. There is therefore no new cause of action created by the statute in favor of the shipper, but his right of action is based upon a statute which is declaratory of the common law. The right, therefore, of the defendants in error to bring their action in the courts of this State is the same as to bring their action upon any other common law action, and such right is expressly reserved to them by section 22 of the statute, which provides that "nothing in this act contained shall in any way abridge or alter the remedies now existing at common law or by statute, but the provisions of this act are in addition to such remedies," and by the very section of the statute itself which is under consideration, which section provides "that nothing in this section shall deprive any holder of such receipt or bill of lading of any remedy or right of action which he has under existing law." To hold as we are asked to hold by the plaintiff in error would be to hold that Congress had given the shipper a right of action against the initial common carrier for a failure to deliver safely his shipment at its destination. But in many cases no court had been provided in which the shipper could bring his cause of action, as, if the State courts are deprived of jurisdiction of such actions, no suit could be brought to enforce such liability in favor of the shipper unless the loss, damage or injury to the shipper was more than $2000, as the jurisdiction of the United States courts in common law cases is limited to cases where the amount in dispute, exclusive of interest and costs, exceeds the sum of $2000. In all cases, therefore, where the amount in dispute was less than $2000 the shipper would be remediless.

The question now under consideration was before the United States Circuit Court for the western district of Ar-

kansas in the case of *Smeltzer* v. *St. Louis and San Francisco Railroad Co.* 168 Fed. Rep. 420, and in the case of *Southern Pacific Co.* v. *Crenshaw Bros.* 63 S. E. Rep. 865, in each of which cases, in well considered opinions, the conclusion was reached that the courts of the several States have jurisdiction in favor of a shipper, and against a common carrier, of a cause of action arising under section 20 of the Inter-State Commerce act, as amended in 1906. In the *Smeltzer case* it was held that section 20 of the Inter-State Commerce act, as amended by the Hepburn act, which requires the initial carrier, on receiving an inter-State shipment, to give a through bill of lading therefor, and gives a right of action against the carrier issuing it for any loss or damage to the property caused by such carrier or any connecting carrier, does not limit the jurisdiction of such an action to the Federal courts, and where the amount exceeds $2000 such courts and the State courts have concurrent jurisdiction, and where the amount involved is less, a State court alone has jurisdiction. And in the *Crenshaw case*, that a petition which sets out that the plaintiff is the lawful holder of a bill of lading issued by the defendant (a common carrier) for certain property to be transported from one State to another, and that the property was found to be damaged upon its arrival at destination, is properly instituted in a State court and sets out a valid cause of action, although the copy of the bill of lading attached as an exhibit contains certain contractual items which but for the provisions of the Federal statute would exempt the defendant from liability in the case. The reasoning of the opinion filed in each of those cases is satisfactory, and convinces us that the municipal court of Chicago had jurisdiction of the subject matter of this suit.

Finding no reversible error in this record the judgment of the municipal court of Chicago will be affirmed.

*Judgment affirmed.*

Subsequently, on petition for rehearing, the following additional opinion was filed:

Per CURIAM : The plaintiff in error, the Southern Pacific Company, has filed a petition for rehearing. The Supreme Court of the United States, since the opinion in this case was filed, has decided the case of *Atlantic Coast Line Railroad Co.* v. *Riverside Mills,* 219 U. S. 186, and sustained the constitutionality of section 20 of the Inter-State Commerce act as amended. It is said, however, that that court, in the case referred to, did not determine the right of the initial carrier to refuse a shipment designed for a point beyond its own line nor its right to refuse to make a through route or joint rate where such route or rate would involve the continuation of the transportation over independent lines, which is true, as that question was expressly reserved, and this case is sought to be brought within the scope of the question thus reserved. We do not think this can be done. While the shippers in this case designated the several lines of railroad between Hollister and Chicago over which they wished their fruit carried, the plaintiff in error did not refuse the shipment by reason of such designation but voluntarily received and billed the same over the designated lines of railroads, which brings the shipment squarely within the language of the Supreme Court of the United States in the *Riverside case.* The shipment was voluntarily received for transportation over the route designated by the shippers, and nothing to the contrary appearing, the presumption is that the routing was over lines with which the plaintiff in error theretofore had made its own arrangement and rate. From a re-examination of the original briefs and the petition for rehearing, in the light of the recent decision of the Supreme Court of the United States, we are constrained to adhere to the conclusion which we reached when the case was originally considered. The petition for rehearing will therefore be denied.

*Rehearing denied.*